UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

ANDREA T. PAYNE,

        Plaintiff,

    - against -

EMPLOYING OFFICE OF
REPRESENTATIVE GREGORY W. MEEKS,

        Defendant.

- - - - - - - - - - - - - - - - - - - -X

CV 01 1532
(Korman, J.)
(Levy, M.J.)

AMENDED ANSWER OF
DEFENDANT EMPLOYING
REPRESENTATIVE
GREGORY W. MEEKS

    Defendant Employing Office of Representative Gregory W. Meeks ("Employing Office"), by its attorneys, ROSLYNN R. MAUSKOPF, United States Attorney for the Eastern District of New York, Sandra L. Levy, Assistant United States Attorney, of counsel, and Office of House Employment Counsel, United States House of Representatives, Kimberly Carey and Gloria Lett Ferguson, of counsel, hereby answer the corresponding numbered paragraphs of the Amended Complaint of Plaintiff Andrea T. Payne ("Payne") upon information and belief as follows:

    1.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

    2.  Admits.

    3.  Admits that defendant Employing Office is the personal office of Representative Gregory W. Meeks. The remainder of the allegations in paragraph 3 are a conclusion of law to which no

2

response is required. To the extent that a response is required, admits the remainder of the allegations in paragraph 3.

4. Defendants admits that jurisdiction is invoked under 28 U.S.C. § 1331, but whether such jurisdiction exists is a conclusion of law to which no response is required. To the extent that a response is required, with respect to the first cause of action, states that 2 U.S.C. § 1408 is the proper jurisdictional provision.

5. Defendants admits that venue is invoked under 28 U.S.C. § 1391(b), but whether such venue properly exists is a conclusion of law to which no response is required. To the extent that a response is required, denies that 28 U.S.C. § 1391(b) is the proper venue provision and states that 2 U.S.C. § 1404(2) is the proper venue provision and admits that venue is properly invoked under such provision.

6. Denies the allegation in Paragraph 6 that Plaintiff has completed counseling and mediation through the Office of Compliance as to all of the claims contained in the Amended Complaint.

7. As to the first sentence of paragraph 7, admits that Plaintiff was a caseworker in the Office of Representative Meeks. As to the second sentence of paragraph 7, upon information and belief, admits that Plaintiff filed a complaint against Neville Flowers and that Mr. Neville A. Flowers is married to Joan E. Flowers, and further admits that Joan E. Flowers has been a campaign supporter of Representative Meeks. Lacks knowledge or

3

information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 7. The third sentence of paragraph 7 states a legal conclusion to which no response is required. To the extent that a response is required, denies the allegations in the third sentence of paragraph 7.

8. Admits that Plaintiff was employed by the Office of Representative Meeks as a caseworker from on or about March 1998 until on or about October 23, 2000.

9. Denies.

10. Denies.

11. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Denies allegations in paragraph 13, except admits that, (a) upon information and belief, Mr. Neville A. Flowers is married to Joan E. Flowers, and (b) Joan E. Flowers has been a campaign supporter of Representative Meeks.

14. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Admits that Plaintiff was on medical leave from on or about February 14, 2000, until on or about July 10, 2000. Lacks

4

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Admits.

19. Denies.

20. Denies.

21. Denies.

22. Denies.

23. On information and belief, admits that on or about September 8, 2000, Plaintiff filed a Formal Request for Counseling with the Office of Compliance in which she alleged that Defendant Employing Office refused to pay her over time. Denies that her complaint included allegations regarding travel.

24. On information and belief, admits that Plaintiff sent a letter to the Committee on Standards of Official Conduct of the United States House of Representatives dated October 10, 2000. Denies the allegations of such letter as set forth in the second sentence of paragraph 24.

25. Admits that Plaintiff's employment was terminated on October 23, 2000. On information and belief, admits that Plaintiff's letter to the Committee on Standards of Official Conduct of the United States House of Representatives was dated October 10, 2000.

5

26. Admits that Representative Meeks told Plaintiff that she was not being terminated because of a problem with her work and denies the remaining allegations in paragraph 26.

27. Denies.

28. Denies.

29. Repeats and realleges the answers set forth in paragraphs 1 to 28 above.

30. Denies.

31. Repeats and realleges the answers set forth in paragraphs 1 to 28 above.

32. Denies.

The unnumbered "wherefore" paragraph after paragraph 53 contains Plaintiff's prayer for relief to which no response is required.

## DEFENSES

### First Defense

This Court lacks jurisdiction over Plaintiff's claims to the extent that Plaintiff has failed to exhaust her administrative remedies under the Congressional Accountability Act of 1995, 2 U.S.C. §§ 1301-1438 (1996) ("CAA") on all or part of her claims.

### Second Defense

Plaintiff fails to state a claim under the CAA upon which relief can be granted.

### Third Defense

Defendant Employing Office did not unlawfully retaliate against Plaintiff.

### Fourth Defense

Actions taken Defendant Employing Office, its agents or employees were motivated by legitimate, nondiscriminatory reasons which were not pretextual.

### Fifth Defense

Defendant Employing Office and its agents acted reasonably and in good faith at all times based on all relevant facts and circumstances known by them at the time they so acted.

### Sixth Defense

The injuries and damages alleged by Plaintiff, to the extent they exist, were not proximately caused or contributed to by any negligence, wrongful act or omission of Defendant or any agent, servant or employee thereof.

### Seventh Defense

Plaintiff's claims for recovery are barred to the extent that she has failed to mitigate damages.

### Eighth Defense

To the extent that Plaintiff attempts to plead an action pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) against Defendant Employing Office,

Plaintiff's claim is barred, as her exclusive remedy is available under the CAA.

### Ninth Defense

To the extent that Plaintiff attempts to plead an action pursuant to <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) against Defendant Employing Office, Plaintiff fails to state a claim upon which relief can be granted.

### Tenth Defense

To the extent Plaintiff has received payment for any claimed overtime or reimbursement of expenses, those claims are moot.

[Continued on next page]

8

### Eleventh Defense

In the event Plaintiff recovers a verdict or judgment against Defendant Employing Office, said verdict or judgment must be reduced by those amounts that Plaintiff has been, or will be, with reasonable certainty, reimbursed, indemnified, or paid from any collateral source, including but not limited to insurance, Social Security, Workers' Compensation, Employee Benefit program, unemployment benefits, and recovery in another forum for claim(s) arising out of the same alleged facts.

### Twelfth Defense

Pursuant to 2 U.S.C. § 1361(c), Plaintiff is not entitled to punitive damages.

### Thirteenth Defense

Plaintiff violated Section 416 of the CAA, 2 U.S.C. § 1416, by unlawfully disclosing confidential settlement documents.

### Fourteenth Defense

Pursuant to 29 U.S.C. § 213(a)(1), while employed by Defendant, Plaintiff was exempt from the overtime requirements of the Fair Labor Standards Act.

[Continued on next page]

WHEREFORE Defendant Employing Office demands judgment dismissing Plaintiff's complaint against it in its entirety, awarding Defendant Employing Office its costs, fees and disbursements and for such other relief as this Court may deem just and proper.

Dated:   Brooklyn, New York
         August 20, 2004

                                   ROSLYNN R. MAUSKOPF
                                   United States Attorney
                                   Eastern District of New York
                                   One Pierrepont Plaza, 14th Floor
                                   Brooklyn, New York 11201

                              By:  _____
                                   SANDRA L. LEVY (SL-9874)
                                   Assistant United States Attorney
                                   (718) 254-6014

Dated:   Washington, D.C.
         June 10, 2004

                                   Office of House Employment Counsel
                                   United States
                                      House of Representatives
                                   433 Cannon Building
                                   Washington, D.C.  20515
                                   (202) 225-7075

                              By:  _____
                                   KIMBERLY CAREY
                                   GLORIA LETT FERGUSON (GF-7669)

10

To:  David N. Mair, Esq.
     Kaiser, Saurborn & Mair, P.C.
     20 Exchange Place
     New York, NY 10005

**DECLARATION**

**GREGORY NELSON**, hereby declares and states as follows:

That on the 20th day of August - 2004 I caused to deposit in the United States Mail in the office of the United States Attorney, One Pierrepont Plaza, Brooklyn, New York, the following documents(s):

**STIPULATION OF CONSENT TO FILING OF AMENDED ANSWER**

**AMENDED ANSWER OF DEFENDANT EMPLOYING OFFICE OF REPRESENTATIVE GREGORY W. MEEKS**

of which the annexed is a true copy, contained in a securely enclosed postpaid wrapper directed to the person(s) at the place(s) and address(es) as follows:

David N. Mair
Kaiser, Saurborn & Mair, P.C.
20 Exchange Place
New York, NY 10005

Kimberly L. Carey Williams
Office of House Employment Counsel
United States House of Representative
433 Cannon Building
Washington, DC 20515

The undersigned affirms under penalty of perjury that the foregoing is true and correct.

Dated:    Brooklyn, New York
          August 20, 2004

_____